UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

CHRISTOPHER ELLISON; EDWIN FULLER; :
BENEDICT TORRES; JONATHAN HURLEY, :
:
                      Plaintiffs, :
:     13 Civ. 885 (KBF)
         -v- :
:     OPINION & ORDER
ANDREA EVANS, Chairperson of the NYS Board of :
Parole; BRIAN FISCHER, COMMISSIONER, NYS :
Department of Corrections and Community :
Supervision; HON. ERIC T. SCHNEIDERMAN, :
NYS Attorney General; PATRICIA JOHNSON, :
SORC, DOCCS; HON. ANDREW CUOMO, :
Governor of the State of New York, :
:
                      Defendants. :
:
------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: OCT 3 1 2013

KATHERINE B. FORREST, District Judge:

    Pro se plaintiffs[1] Christopher Ellison, Edwin Fuller, Benedict Torres, and Jonathan Hurley brought this action on February 6, 2013 pursuant to, inter alia, 42 U.S.C. §§ 1983, 1985(3), and 1986 against several New York state entities and officials seeking various forms of declaratory and injunctive relief related to the rules and regulations governing the parole release consideration process. (Compl. ¶ 27, ECF No. 7.) Plaintiffs are currently incarcerated at Woodbourne Correctional Facility ("Woodbourne") in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"). The remaining defendants in this action are all individuals who are being sued in their official capacity:

---

[1] Pro se plaintiff Sebastian Ventimiglia was dismissed without prejudice by order of this Court on June 20, 2013 after requesting such relief by letter dated June 17, 2013. (ECF Nos. 47-48.)

Chairwoman of the New York State Parole Board Andrea Evans, DOCCS Commissioner Brian Fischer, New York State Attorney General Eric Schneiderman, New York Governor Andrew Cuomo, and DOCCS Senior Offender Rehabilitation Counselor Patricia Johnson.[2]

On March 28, 2013, plaintiffs filed a motion for a preliminary injunction pursuant to Federal Rule of Civil Procedure 65(a) seeking, in substance, much of the same injunctive relief they seek in the complaint related to the parole release consideration process. (ECF Nos. 29-30.) Defendants opposed the motion and cross-moved to dismiss the complaint, on May 13, 2013, for lack of subject matter jurisdiction under Rule 12(b)(1) and for failure to state a claim on which relief can be granted under Rule 12(b)(6). (ECF Nos. 39-41.) Plaintiffs filed their combined reply in support of their motion for a preliminary injunction and opposition to defendants' motion to dismiss on August 14, 2013.[3] (ECF No. 56.) Defendants filed their reply brief in support of their motion to dismiss on September 30, 2013, at which point the motions were fully briefed.[4] (ECF No. 59.)

---

[2] Defendants New York State Board of Parole, Kings County Supreme Court Justice Hon. Hubert Kramer, and Sullivan County Court Justice Hon. Frank J. LaBuda were dismissed as defendants by order of this Court on February 21, 2013. (ECF No. 14.)

[3] Following three requests for extensions of time, which the Court granted (see ECF Nos. 43-44, 50-52), plaintiffs' submitted a brief that was 268 pages in length—well in excess of the already-excessive 100 pages the Court granted plaintiffs. (ECF No. 46.) Upon receipt, the Court permitted plaintiffs an opportunity to resubmit the brief within the page limitations specified by the Court, or else the Court would only consider the first 100 pages. (ECF No. 55.) Plaintiffs declined to do so. (ECF No. 57.) Though the Court thus only considers the first 100 pages of the brief (see ECF No. 58), it notes that it has reviewed the entire submission and finds that the remainder does not raise any new arguments that are material to the disposition of the pending motions.

[4] On October 16, 2013, plaintiffs filed an additional 15-page submission related to the pending motions without leave of the Court. (ECF No. 60.) Though the Court will not consider this submission—a sur-reply—in its decision on the pending motions, it notes that this submission also does not raise any new arguments that are material to the disposition of the pending motions.

Because plaintiffs' preliminary injunction motion requires that they demonstrate "either . . . a likelihood of success on the merits or . . . sufficiently serious questions going to the merits to make them a fair ground for litigation," Salinger v. Colting, 607 F.3d 68, 79 (2d Cir. 2010) (quotations and citations omitted), the Court first considers defendants' motion to dismiss under Rule 12.

For the reasons set forth below, defendants' motion to dismiss is GRANTED. Plaintiffs' preliminary injunction motion is thus DENIED and this action is dismissed.

## STANDARD OF REVIEW

Defendants move to dismiss the complaint under Rules 12(b)(1) and 12(b)(6).[5] Under Rule 12(b)(1), a case may be dismissed for lack of subject matter jurisdiction when the district court "lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) (citing Fed. R. Civ. P. 12(b)(1)). To overcome a Rule 12(b)(1) motion to dismiss, a plaintiff has the burden of proving jurisdiction by a preponderance of the evidence. Id. (citing Malik v. Meissner, 82 F.3d 560, 562 (2d Cir. 1996)).

To survive a Rule 12(b)(6) motion to dismiss, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

---

[5] Plaintiffs argue that defendants' motion to dismiss is also a motion for summary judgment under Rule 56 (see, e.g., Def.'s Reply/Opp. at 6-7, ECF No. 56) because defendants submitted a three-paragraph declaration from Karen Bellamy, Director of the Inmate Grievance Program at DOCCS that attaches plaintiff Ellison's grievance against defendant Johnson as well as a print-out of the status of the appeals related to that grievance. (ECF No. 40.) Because these documents are either explicitly referred to or incorporated by reference in plaintiffs' complaint (see Compl. ¶ 319), the Court may consider them on defendants' motion to dismiss under Rule 12. See Roth v. Jennings, 489 F.3d 499, 509 (2d Cir. 2007). In any event, as discussed infra, the Court need not and does not consider the Bellamy Declaration in deciding the pending motions.


on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also Ferranti v. Heinemann, 468 F. App'x 85, 85 (2d Cir. 2012) (applying the Twombly standard to a pro se complaint).  This is not a "probability requirement"; the standard asks for "enough fact to raise a reasonable expectation that discovery will reveal evidence of [the misconduct]." Twombly, 550 U.S. at 556.  That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Id. at 555.

In reviewing a motion to dismiss under either Rules 12(b)(1) or 12(b)(6), the Court "must accept all factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." Jaghory v. New York State Dep't of Educ., 131 F.3d 326, 329 (2d Cir. 1997). Moreover, "[i]t is well established that the submissions of a pro se litigant must be construed liberally and interpreted to raise the strongest arguments that they suggest." Triestman v. Federal Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (citations and internal quotation marks omitted).  At the same time, the court must "limit itself to a consideration of the facts that appear on the face of the complaint." Vollinger v. Merrill Lynch & Co., Inc., 198 F. Supp. 2d 433, 437 (S.D.N.Y. 2002) (citations and internal quotation marks omitted) (quoting Ryder Energy Distrib. Corp. v. Merrill Lynch Commodities Inc., 748 F.2d 774, 779 (2d Cir. 1984)).

DISCUSSION

Plaintiffs state that their complaint "presents over 66 causes of action . . . and require at least 60 different permanent and preliminary injunctions." (ECF No. 46.) The vast majority of these claims concern the processes of parole board hearings regulated by New York Executive Law § 259-i(2)--the New York state parole statute. (See, e.g., Compl. ¶¶ 42-45, 58-70, 578-580, 583.) Plaintiffs allege they were all considered for and denied parole release (id. ¶ 70) but also concede that they are not challenging these past denials (id. ¶¶ 42, 50). In sum, plaintiffs allege that the various ways in which the New York state parole system is set up and administered violate 42 U.S.C. §§ 1983, 1985, and 1986, and the Due Process[6] and Equal Protection Clauses of the Fourteenth Amendment.

The Court first analyzes plaintiffs' federal constitutional claims, and then turns to their related federal statutory claims—because both sets of claims fail as a matter of law, the Court grants defendants' motion to dismiss the complaint.

I.   Due Process

Plaintiffs argue that the New York parole scheme is deliberately misapplied and misconstrued by the individuals who administer it, and also that the governing statutes and regulations are unconstitutionally vague, in violation of their rights under the Due Process Clause. (See, e.g., Compl. ¶¶ 52, 66, 578-80, 582-84.)

---

[6] Plaintiffs' various arguments as to why the New York parole statute and accompanying regulations are vague are also properly considered as claims under the Due Process Clause. See Farrell v. Burke, 449 F.3d 470, 485 (2d Cir. 2006) ("The vagueness doctrine is a component of the right to due process.").

5

The Due Process Clause provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "In order for a state prisoner to have an interest in parole that is protected by the Due Process Clause, he must have a legitimate expectancy of release that is grounded in the state's statutory scheme." Barna v. Travis, 239 F.3d 169, 170 (2d Cir. 2001). It is well settled in the Second Circuit, however, that there is no federal due process right to parole under New York's parole scheme. Barna, 239 F.3d at 171; see also Graziano v. Pataki, 689 F.3d 110 (2d Cir. 2012). The Barna court held, "In order for a state prisoner to have an interest in parole that is protected by the Due Process Clause, he must have a legitimate expectancy of release that is grounded in the state's statutory scheme. Neither the mere possibility of release, nor a statistical probability of release, gives rise to a legitimate expectancy of release on parole." Barna, 239 F.3d at 170-71 (citations omitted). As a result, the Barna court held, "The New York parole scheme is not one that creates in any prisoner a legitimate expectancy of release," and that "the protections of the Due Process Clause are inapplicable." Id. at 171.

Contrary to plaintiffs' argument (see Pl.'s Sur-Reply at 6, ECF No. 60), the Second Circuit's decision in Barna is not "outdated" in light of subsequent amendments to the New York parole statute, it (along with cases like Graziano that post-date these changes) is binding precedent on this Court. Accordingly, plaintiffs' claims which assert violations of the Due Process Clause in connection with the administration of the New York parole system must fail.

II.   Equal Protection

The complaint, liberally construed, alleges that plaintiffs are first-time violent offenders who were impermissibly treated differently under the New York parole scheme than other offenders.[7]  (See Compl. ¶¶ 48-49, 578-79, 582-84.)

The Equal Protection Clause provides that no state shall "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1. The Equal Protection Clause directs that "all persons similarly situated should be treated alike." City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 439 (1985). Courts "uphold forms of state action under the Equal Protection Clause so long as the classification at issue bears some rational relationship to a legitimate state interest.  On the other hand, where a suspect class or a fundamental right is at issue in the classification, [courts] apply a more searching form of scrutiny." Hayden v. Paterson, 594 F.3d 150, 169 (2d Cir. 2010).

Prisoners, "either in the aggregate or specified by offense," are not a suspect class whose disparate treatment is subject to strict scrutiny by the courts. See Lee v. Governor of the State of N.Y., 87 F.3d 55, 60 (2d Cir. 1996). To that end, courts have consistently held that the different eligibility requirements for parole for different types of offenders in the New York parole system bear a rational relationship to the legitimate state interest in public safety. See Mathie v. Dennison, No. 06 Civ. 3184 (GEL), 2007 WL 2351072, at *8 (S.D.N.Y. Aug. 16, 2007) ("A history of violent crime is the very opposite of a morally irrelevant, immutable

---

[7] Plaintiff Ellison pled guilty to first degree manslaughter and second degree criminal possession of a weapon, as well as "some misdemeanors." (Compl. ¶ 48.)

7

trait: it reflects a voluntary choice by the offender to commit a dangerous and harmful criminal act when he could have complied with the law. Thus, disparate treatment by the state in granting parole to violent and nonviolent prisoners is presumed constitutional and need only be rationally related to a legitimate state interest.") (internal quotation marks omitted); see also Whaley v. Lopez, 2012 WL 3137900, at *10 (E.D.N.Y. July 30, 2012); Kasiem v. Paterson, No. 10 Civ. 2627 (WHP), 2011 WL 723612, at *2 (S.D.N.Y. Feb. 18, 2011).

As a result, plaintiffs Equal Protection Clause claims, which are based on the disparate treatment of violent offenders in the New York parole system, are without merit and must be dismissed.

### III. Sections 1983, 1985, and 1986

Because plaintiffs have failed to properly allege federal constitutional violations,[8] plaintiffs' claims under 42 U.S.C. §§ 1983, 1985, and 1986 must also be dismissed.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." Feingold v. New York, 366 F.3d 138, 159 (2d Cir. 2004) (citations and internal quotation marks omitted); see 42 U.S.C. § 1983. As set forth above, plaintiffs have failed to allege any such right. For the same reasons, plaintiff's conspiracy claim under 42 U.S.C. § 1985(3) also fails absent an underlying federal constitutional

---

[8] Though plaintiffs reference the First Amendment right to petition the government and access to the courts at various points in the complaint (see, e.g., Compl. ¶¶ 579, 582-83), the Court also finds these bare allegations insufficient to survive the instant motion to dismiss.

violation, see, e.g., Beckles v. City of N.Y., No. 08 Civ. 3687 (RJH), 2011 WL 722770, at *6 (Feb. 25, 2011), and plaintiff's claim under 42 U.S.C. § 1986[9] fails because such a claim must be predicated on a valid § 1985 claim. See Thomas v. Roach, 165 F.3d 137, 147 (2d Cir. 1999).

IV.   Defendant Ellison's Individual Claims

To the extent plaintiff Ellison brings claims against defendant Johnson in her official capacity separate from the other claims described above (see Compl. ¶¶ 168, 308-313, 571, 584), these claims are dismissed on the grounds of Eleventh Amendment sovereign immunity.

"The Eleventh Amendment prohibits suits against a state or one of its agencies in federal court absent the state's consent or a valid abrogation of its sovereign immunity by an act of Congress." Rothenberg v. Stone, 234 F. Supp. 2d 217, 221 (citing Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 100-01 (1984) ("The Eleventh Amendment bars a suit against state officials when the state is the real, substantial party in interest.") (citations and internal quotation marks omitted)). Section 1983 does not constitute such an abrogation. See Quern v. Jordan, 440 U.S. 332, 343 (1979). The Ex Parte Young doctrine permits a plaintiff to sue a state official in his or her official capacity, notwithstanding the Eleventh Amendment, if the plaintiff "(a) alleges an ongoing violation of federal law and (b) seeks relief properly characterized as prospective." In re Deposit Ins. Agency, 482 F.3d 612, 618 (2d Cir. 2007).

---

[9] "Section 1986 provides a cause of action against anyone who having knowledge that any of the wrongs conspired to be done and mentioned in section 1985 are about to be committed and having power to prevent or aid, neglects to do so." Thomas v. Roach, 165 F.3d 137, 147 (2d Cir. 1999).

Ellison fails to meet either prong of the Ex Parte Young exception to Eleventh Amendment sovereign immunity. For the reasons set forth above, plaintiffs have failed to allege any ongoing violations of federal law. Additionally, plaintiffs concede in their opposition papers that, because Johnson no longer works at Woodbourne, any prospective relief they seek against Johnson is now moot, though they claim she should still be held accountable for past violations of the law. (See Reply/Opp. at 36-37.) Such retrospective relief, however, is not available under the Ex Parte Young doctrine in this suit brought against Johnson in her official capacity. See Ward v. Thomas, 207 F.3d 114, 119 (2d Cir. 2000). Ellison's claims against Johnson are thus dismissed on Eleventh Amendment grounds.

V.   State Law

Because the remaining causes of action in the complaint are properly construed as claims under state law appropriate for resolution in state courts,[10] the Court declines to exercise supplemental jurisdiction under 28 U.S.C. § 1367 in the absence of any remaining federal claims.

---

[10] The Court notes that, according to the complaint, plaintiff Ellison appears to have already litigated many of these same issues in other state court lawsuits. (See Compl. ¶¶ 34-40.)

## CONCLUSION

For the reasons set forth above, defendants' motion to dismiss is GRANTED and plaintiffs' preliminary injunction motion is DENIED. The Clerk of Court is directed to close the motions at ECF Nos. 29 and 39, and to terminate this action.

SO ORDERED.

Dated:     New York, New York
           October 31, 2013

*K. B. Forrest*
KATHERINE B. FORREST
United States District Judge

Copies to:

Christopher Ellison
95-A-5626
Woodbourne Correctional Facility
99 Prison Rd.
P.O. Box 1000
Woodbourne, NY 12788

Edwin Fuller
76-A-4761
Woodbourne Correctional Facility
99 Prison Rd.
P.O. Box 1000
Woodbourne, NY 12788

Benedict Torres
92-A-5669
Woodbourne Correctional Facility
99 Prison Rd.
P.O. Box 1000
Woodbourne, NY 12788

Jonathan Hurley
04-A-1603
Woodbourne Correctional Facility
99 Prison Rd.
P.O. Box 1000
Woodbourne, NY 12788